UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

|  |  |
|---|---|
| Telva Elwell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C/A No. 6:06-CV-1449-GRA |
| ) | |
| United States Postal Service ) | |
| and National Association Of ) | **ORDER** |
| Letter Carriers, AFL-CIO, ) | (Written Opinion) |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Defendant United States Postal Service's ("Postal Service") Motion to Dismiss based on Fed. R. Civ. P. 12(b)(1), and on Defendant National Association of Letter Carriers, AFL-CIO's ("Letter Carrier Union") Motion for Summary Judgment. Plaintiff alleges that the Postal Service breached the collective bargaining agreement by failing to pay her back pay awards from the May 2005 and November 2005 arbitration awards. Plaintiff alleges that the Letter Carrier Union breached its duty of fair representation by refusing to file a federal court action to enforce the May and November 2005 arbitration awards. The Court heard oral arguments in this matter on March 29, 2007. After reviewing the Defendants' Motions, the briefs of the Parties, and the remainder of the record in this case, this Court hereby DENIES Defendant Postal Service's Motion to Dismiss and DENIES Defendant Letter Carrier Union's Motion for Summary Judgment. Further, the Court AFFIRMS the second arbitration award and ORDERS the Postal Service to pay Plaintiff back pay as awarded.

1

**FACTUAL BACKGROUND**

Plaintiff worked as a city letter carrier for the United States Postal Service from 1985 until 2005. During this time, Plaintiff was a member of the Letter Carrier Union. When Plaintiff was allegedly wrongfully discharged from her employment with the Postal Service, the Letter Carrier Union filed a grievance on Plaintiff's behalf pursuant to the collective bargaining agreement between the Postal Service and the Union. The Union proceeded through all steps in the grievance procedure, and the grievance ultimately resulted in arbitration. On May 30, 2005, Arbitrator Nicholas Duda, Jr. ("Duda") issued an Opinion and Award finding that Plaintiff should be reinstated to her job and paid any back pay wages incurred during the period of termination ("First Award").

After Duda issued his first award, a dispute arose between the Letter Carrier Union and the Postal Service concerning the amount of work time lost and thus the period during which Plaintiff was entitled to back pay. The parties returned to arbitration for a clarification of the first award. On November 18, 2005, Arbitrator Duda issued his second opinion and award, finding the relevant back pay period to include October 20, 2004 through June 13, 2005 ("Second Award").

After the Second Award was issued, the Postal Service sent Plaintiff paperwork to be completed in compliance with Section 436.2 of the Postal Service's Employee and Labor Relations Manual. Plaintiff did not fill the paperwork out to the Postal Service's satisfaction, and the Postal Service has yet to pay Plaintiff the awarded back pay. The Letter Carrier Union disputed the Postal Service's refusal to pay the back pay award, and on December 28, 2005, the Union initiated a grievance which led to a third arbitration being set before Duda. Prior to the third arbitration, Plaintiff hired outside legal counsel and requested the Letter Carrier Union to file a suit in federal court on her

behalf.  The Union, bound by the collective bargaining agreement, declined to file suit since the third grievance was still pending awaiting arbitration.

Plaintiff filed this lawsuit on May 11, 2006, pursuant to the Postal Reorganization Act, 39 U.S.C. § 1208, alleging breach of duty of fair representation against the Letter Carrier Union and breach of contract against the Postal Service.

## ANALYSIS

For the following reasons, this Court DENIES the Defendants' motions to dismiss and for summary judgment, and AFFIRMS the award of the arbitrator.

### 1.   The Postal Service's Motion To Dismiss.

In its Motion, the Postal Service asks this Court to "dismiss this action for lack of subject matter jurisdiction" because "this matter is still in arbitration and the Plaintiff has failed to exhaust the contractual remedies" of the collective bargaining agreement. In its Memorandum, the Postal Service recognizes that when "an arbitrator issues a final and binding decision," a plaintiff has properly exhausted administrative remedies and may seek redress in federal court.  This Court agrees with the Postal Service's conclusion that federal courts have jurisdiction "to enforce arbitration awards which are final decisions on the merits . . . " *Am. Postal Workers Union v. United States Postal Serv.*, 827 F.Supp. 836, 838 (D.D.C. 1993).

In the present matter, the only issue before Duda in the third arbitration was whether Plaintiff had properly filled out and submitted paperwork to the Postal Service for the purpose of reducing her back pay award.  It is well established in the Fourth Circuit that "when a party consents to arbitration, it cannot [later] attack the award on grounds not raised before the arbitrator." *Dist. 17 United Mine Workers of Am. v. Island Creek Coal Co.*, 179 F.3d 133, 140 (4th Cir. 1999).  Because the Postal Service failed to raise the issue of mitigation of damages in either of the first two arbitrations, the Postal Service waived any right it had to pursue this mitigation defense. *See Am.*

*Postal Workers Union*, 222 F. Supp.2d at 685 (holding the Postal Service waives its right to a mitigation defense if it fails to raise the issue during the arbitration); *Coppage v. United States Postal Serv.*, 129 F. Supp.2d 1378, 1380-81 (M.D. Ga. 2001) (affirming the Postal Service cannot hold two separate arbitrations– one on the issue of liability and the other on the issue of the amount of damages– in contrast to the terms of the collective bargaining agreement); *Automobile Mechanics Local 701 v. Joe Mitchell Buick, Inc.*, 930 F.2d 576, 578 (7th Cir. 1991) (holding an employer cannot argue that employee's interim earnings should have been deducted from the arbitration award where the employer did not raise the issue before the arbitrator); *Teamsters, Chauffeurs, etc., Local Union No. 330 v. Elgin Eby-Brown Co.*, 670 F. Supp 1393, 1398 (N.D. Ill. 1987) ("[f]ailure to present the [mitigation] issue and evidence below waives the issue in an enforcement proceeding"); *United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*, 645 F. Supp. 1174, 1180 (W.D. Va. 1986) (asserting failure to raise the issue of mitigation during the arbitration proceedings acts as a waiver).  Thus, this Court holds the third arbitration and any order or award arising from such arbitration is moot and without force or effect.

Further, because the First and Second Awards arose from arbitrations on the merits, resolved every issue which the Parties raised during the arbitrations, and were not challenged or otherwise appealed, this Court finds that they constitute "final decisions" and that this Court has jurisdiction over Plaintiff's claims in her Complaint.

Therefore, the Postal Service's Motion to Dismiss for lack of subject matter jurisdiction is DENIED.

    2.    **<u>The Letter Carrier Union's Motion for Summary Judgment.</u>**

In order to maintain this action against the Defendants, Plaintiff must show both that the Letter Carrier Union breached its duty of fair representation and that the Postal Service breached the collective bargaining agreement.  *United Parcel Serv., Inc. v.*

4

*Mitchell*, 451 U.S. 56, 62 (1981). Because the undisputed facts show that the Postal Service has failed to pay the November 2005 arbitration award, this Court finds that the Postal Service has breached the collective bargaining agreement.

"'[A] union's duty of fair representation includes the union's duty to enforce an arbitration award.'" *Sanozky v. Intn'l Ass'n of Machinists and Aero. Workers*, 415 F.3d 279, 283 (2d Cir. 2005) (quoting *Carrion v. Enter. Ass'n,* 227 F.3d 29, 33 (2d Cir. 2000). In order to establish that the Letter Carrier Union breached its duty of fair representation, Plaintiff must prove that the union acted in an arbitrary, discriminatory or bad faith manner. *Marquez v. Screen Actors Guild*, 525 U.S. 33, 44 (1998).

A union's conduct is arbitrary if it is not rational, factually and legally, at the time the decision was made. *Id.* at 46; *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991) ("[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational.") (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)). In the present case, this Court finds that it was clear to the Letter Carrier Union that the Second Award was a final and binding decision which could be enforced in federal court. This Court is of the opinion that the Second Award resolved all issues in the grievance, and the Postal Service waived any issue of mitigating damages by failing to raise the issue during the first two arbitrations. This Court finds that the Letter Carrier Union did not act rationally and that it breached its duty of fair representation by refusing to file a federal court action on Plaintiff's behalf to enforce the Second Award. Therefore, the Letter Carrier Union's Motion for Summary Judgment is DENIED.

3. **The Second Arbitration Award**

Though the Postal Service and the Letter Carrier Union claim that they are simply following the collective bargaining agreement procedure in pursuing a third

arbitration, the Court finds the Second Award issued by Arbitrator Duda on November 18, 2005 is final and binding. Neither the collective bargaining agreement nor federal law entitle the Postal Service or the union to a "third" arbitration. Thus this Court adopts the language of the *Coppage* court, which found that the Postal Service was not entitled to a "first" arbitration hearing on liability and then a "second" hearing on the issue of the amount of damages:

> The collective bargaining agreement involved in this litigation has no provision for bifurcation of arbitration proceedings to determine liability at one arbitration and the amount of backpay in another. The submission of evidence by Defendant in their latest motion only shows that they were not following the collective bargaining agreement. Rather, the United States Postal Service and the union once again engaged in an apparently long-standing tradition of treating their employees unfairly and making baseless decisions only purportedly supported by the collective bargaining agreement.

129 F. Supp. 2d at 1380.

In the interest of justice and fairness to Plaintiff, this Court, in denying Defendants' motions, proceeds to the merits of this case, reviewing the Second Award of Arbitrator Duda. The Court recognizes its review of an arbitration award is "severely limited . . . [and] 'among the narrowest known to the law.'" *Island Creek Coal*, 179 F.3d at 137 (quoting *Union Pacific R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978)). After reviewing the award, the Court finds Abitrator Duda correctly interpreted the collective bargaining agreement and followed the law in issuing his opinion. Therefore, the Court hereby affirms the Second Award.

Accordingly, the Court finds that Plaintiff is entitled to back pay in the amount of Thirty Thousand and No/100 Dollars ($30,000.00) as awarded by Duda, less her

interim earnings of One Thousand Eight Hundred and No/100 Dollars ($1,800.00),[1] for a total of Twenty Eight Thousand Two Hundred and No/100 Dollars ($28,200.00).

## CONCLUSION

IT IS ORDERED that Defendant Postal Service's Motion to Dismiss is DENIED; Defendant Letter Carrier Union's Motion for Summary Judgment is DENIED; and the November 18, 2005 award of Arbitrator Duda is CONFIRMED.

Therefore, no later than ten (10) business days from the date of this Order, the Postal Service shall pay and deliver to Plaintiff or her counsel the sum of Twenty Eight Thousand Two Hundred and No/100 Dollars ($28,200.00) with only applicable state and federal taxes deducted, along with a sum representing prejudgment interest at the federal rate from November 18, 2005, to March 29, 2007 and costs for filing this matter. Further, Plaintiff's counsel has ten (10) business days from the date of this Order to file his Petition for Attorney's fees.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 6, 2007

Anderson, South Carolina

---

[1] During the hearing before this Court, Plaintiff's counsel informed the Court Plaintiff earned $1,800 in interim earnings during the back pay period. Defendants' counsel presented no objections to this amount. Therefore, the Court adopts this amount in determining the total amount to be awarded Plaintiff.

7